UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| KELVIN X. SINGLETON, | Case No. 2:19-cv-08908-RGK-JC |
|---|---|
| Plaintiff, | |
| v. | MEMORANDUM OPINION AND ORDER DISMISSING ACTION |
| S. GATES, et al., | |
| Defendants. | |

## I.    BACKGROUND AND SUMMARY

On October 16, 2019, plaintiff Kelvin X. Singleton, who is in state custody, is proceeding *pro se*, and has been granted leave to proceed without prepayment of the filing fee, filed a Civil Rights Complaint ("Original Complaint") pursuant to 42 U.S.C. § 1983 ("Section 1983"), against the following defendants at California State Prison – Los Angeles County ("CSP-LAC") in their individual and official capacities:  (1) S. Gates, Chief of Health Care Correspondence and Appeals Branch; (2) M. Lewis, Chief Physician and Surgeon; (3) B. Ramos, Chief Medical Executive; (4) A. Galstian (erroneously sued as A. Galstain), Chief Executive Officer; and (5) M. Nawaz, Primary Care Physician.  (Docket No. 1).  On September 4, 2020, the Court granted defendant's Motion to Dismiss the Original

1    Complaint, but afforded plaintiff leave to amend.  (Docket No. 53).

2         On September 25, 2020, plaintiff filed a First Amended Complaint ("First

3    Amended Complaint" or "FAC"), asserting Eighth Amendment claims against the

4    same five defendants in their individual and official capacities.  (Docket No. 54).

5    On July 2, 2021, this Court granted in part defendant's Motion to Dismiss the First

6    Amended Complaint and dismissed the First Amended Complaint as against

7    defendants in their official capacities with leave to amend ("July Order").  (Docket

8    No. 69).  The July Order directed plaintiff within twenty (20) days (*i.e.*, by July 22,

9    2021), to do one of the following:  (1) file a Second Amended Complaint; (2) file a

10   Notice of Intent to Proceed Solely Against Defendants in Their Individual

11   Capacities; or (3) file a Notice of Dismissal.  (Docket No. 69).  The July Order

12   expressly cautioned plaintiff in bold-faced print that **his failure timely to file a**

13   **Second Amended Complaint, a Notice of Intent to Proceed Solely Against**

14   **Defendants in Their Individual Capacities, or a Notice of Dismissal may result**

15   **in the dismissal of this action with or without prejudice for failure diligently to**

16   **prosecute and/or for failure to comply with the July Order**.

17        The foregoing July 22, 2021 deadline expired without any action by plaintiff.

18   Plaintiff has not sought an extension of the foregoing deadline or otherwise

19   communicated with the Court since the issuance of the July Order.

20        As discussed below, this action is dismissed due to plaintiff's unreasonable

21   failure to prosecute and his failure to comply with the July Order.

22   **II.    PERTINENT LAW**

23        It is well-established that a district court may *sua sponte* dismiss an action

24   where the plaintiff has failed to comply with a court order and/or unreasonably

25   failed to prosecute.  See Link v. Wabash Railroad Co., 370 U.S. 626, 629-33

26   (1962); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir.) (as amended), cert.

27   denied, 506 U.S. 915 (1992); see also McKeever v. Block, 932 F.2d 795, 797 (9th

28   Cir. 1991) (district court may *sua sponte* dismiss action "only for an unreasonable

2

1  failure to prosecute") (citations omitted); <u>see also</u> <u>Edwards v. Marin Park, Inc.</u>, 356
2  F.3d 1058, 1065 (9th Cir. 2004) (*sua sponte* dismissal pursuant to Fed. R. Civ. P.
3  41(b) proper sanction in cases where a plaintiff is notified of deficiencies in
4  complaint and is given "the opportunity to amend [the complaint] or be dismissed"
5  but the plaintiff "[does] *nothing*") (citations omitted; emphasis in original).

6        In determining whether to dismiss an action for failure to prosecute or failure
7  to comply with court orders, a district court must consider several factors, namely
8  (1) the public's interest in expeditious resolution of litigation; (2) the court's need
9  to manage its docket; (3) the risk of prejudice to defendants; (4) the public policy
10  favoring disposition of cases on their merits; and (5) the availability of less drastic
11  alternatives.  <u>See</u> <u>In re Eisen</u>, 31 F.3d 1447, 1451 (9th Cir. 1994) (failure to
12  prosecute); <u>Ferdik</u>, 963 F.2d at 1260-61 (failure to comply with court orders).
13  Dismissal is appropriate under the foregoing analysis "where at least four factors
14  support dismissal . . . or where at least three factors 'strongly' support dismissal."
15  <u>Hernandez v. City of El Monte</u>, 138 F.3d 393, 399 (9th Cir. 1998) (citations
16  omitted).

17        Where a plaintiff is proceeding *pro se*, however, the court must first notify
18  the plaintiff of the deficiencies in the complaint so that the plaintiff has an
19  opportunity "to amend effectively."  <u>Ferdik</u>, 963 F.2d at 1261 (citation omitted).  A
20  district judge may not dismiss an action for failure to comply with a court order or
21  for unreasonable failure to prosecute if the initial decision to dismiss a complaint
22  was erroneous.  <u>Yourish v. California Amplifier</u>, 191 F.3d 983, 992 (9th Cir. 1999)
23  (citing <u>id.</u>).

24  **III.  DISCUSSION AND ORDER**

25        First, the July Order was not erroneous and adequately and properly notified
26  plaintiff of the deficiencies in the official capacity claims in the First Amended
27  Complaint and afforded him an opportunity to amend effectively.
28  ///

1  ///

1   Second, dismissal is appropriate based upon plaintiff's failure to comply
2   with the July Order and the failure to prosecute.  The Court has considered the five
3   factor discussed above – the public's interest in expeditious resolution of litigation,
4   the court's need to manage its docket, the risk of prejudice to defendants, the public
5   policy favoring disposition of cases on their merits, and the availability of less
6   drastic alternatives.  The first two factors – the public's interest in expeditiously
7   resolving this litigation and the Court's interest in managing the docket – strongly
8   weigh in favor of dismissal.  As noted above, plaintiff has been notified of the
9   deficiencies in the official capacity claims in the First Amended Complaint and has
10  been given the opportunity to amend them, to dismiss the First Amended
11  Complaint, or to notify the Court that he wishes to stand on the remaining
12  individual capacity claims in the First Amended Complaint.  He has done nothing.
13  See Edwards, 356 F.3d at 1065.  The third factor, risk of prejudice to defendants,
14  also weighs strongly in favor of dismissal.  See Anderson v. Air West, Inc., 542
15  F.2d 522, 524 (9th Cir. 1976) (prejudice to defendants presumed from
16  unreasonable delay) (citation omitted).  The fourth factor, the public policy
17  favoring disposition of cases on their merits, is greatly outweighed by the factors in
18  favor of dismissal discussed herein.  As for the fifth factor, since plaintiff has
19  already been cautioned of the consequences of his failure to prosecute and his
20  failure to comply with the July Order, and plaintiff has been afforded the
21  opportunity to avoid such consequences but has not responded, no sanction lesser
22  than dismissal is feasible.  See, e.g., Yourish, 191 F.3d at 989 (dismissal of action
23  *with prejudice* not excessive sanction for plaintiffs' failure timely to comply with
24  court's order to submit an amended complaint).
25  ///
26  ///
27  ///
28  ///

5

1        IT IS THEREFORE ORDERED that this action is dismissed based upon

2   plaintiff's unreasonable failure to prosecute and his failure to comply with the July

3   Order – each of which constitutes an independent and adequate basis to support

4   dismissal.

5        IT IS SO ORDERED.

6   DATED: August 24, 2021

7

8   _____

9   HONORABLE R. GARY KLAUSNER
    UNITED STATES DISTRICT JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28